**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CYNTHIA McTIER

    Plaintiff,

vs.                                Case No.:

MENTAL HEALTH CARE, INC.,
d/b/a GRACEPOINT WELLNESS,

    Defendant.
_____

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiff, CYNTHIA McTIER, by and through her undersigned counsel, brings this lawsuit seeking declaratory relief, injunctive relief, and monetary damages against Defendant, MENTAL HEALTH CARE, INC., d/b/a GRACEPOINT WELLNESS for violations of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Section 1557 of the Patient Protection and Affordable Care Act. Defendant refused to provide services to Plaintiff due to her service dog. Plaintiff was intentionally denied full and equal access to Defendant's mental health services, facilities, and privileges. Defendant failed to make reasonable modifications in policies, practices or procedures, and failed to take such steps as are necessary to ensure Plaintiff was not excluded, denied mental health services, or otherwise treated differently because of her disability, and the presence of her service dog.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the actions pursuant to 28 U.S.C. § 1331, 1343, for the Plaintiff's claims arising under Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Affordable Care Act ("ACA").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because (1) the Defendant is located in this district, and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

### PLAINTIFF

3. Plaintiff, CYNTHIA McTIER ("Ms. McTier"), is and was, at all times material hereto, a resident of Hillsborough County, Florida. Ms. McTier has Post Traumatic Stress Disorder ("PTSD"), depression, a seizure disorder, and nerve damage in her legs, and her disabilities require use of a service dog.

### DEFENDANT

4. Defendant, MENTAL HEALTH CARE, INC., d/b/a GRACEPOINT WELLNESS ("Gracepoint"), is located at 5707 North 22nd Street, Tampa, Florida. Defendant is a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) (F), and is subject to the mandates of Title III of the ADA and its implementing regulations.

5. Defendant accepts Medicaid and Medicare, and is, therefore, a recipient of federal financial assistance subject to the requirements of Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. §794.

6. Defendant is principally engaged in the business of providing health care, and is covered by Section 1557 of the Affordable Care Act, 29 U.S.C. § 794 (b) (3) (A) (ii).

## **FACTUAL ALLEGATIONS**

7. Ms. McTier has PTSD, depression, a seizure disorder, nerve damage in her legs, and requires a service dog for her disabilities.

8. Ms. McTier's service dog is a four (4) year old German Shepherd named Princess. Princess has been in Ms. McTier's life since she was six (6) months old.

9. Princess is trained to alert Ms. McTier of on-coming seizures, and to take her medication. Princess is also trained to wake Ms. McTier up if in need of medication, and to provide space for her in crowds.

10. In Ms. McTier's spare time, she enjoys volunteering at Hospice Care, and spending time with her dog. Ms. McTier has experienced continuous personal loss in addition to her seizure disorder, which has exacerbated her PTSD. She has been seeing a mental health therapist for approximately seven (7) years.

11. Gracepoint is a medical center that specializes in behavioral health solutions, and is located in Tampa, Florida. On approximately April 12, 2019, Ms. McTier and Princess went to Gracepoint for an appointment.

12. Upon arrival, the front desk clerk asked for, and obtained documentation for her service dog. Although not required to provide documentation for her dog, she did

so. Then, shortly after, Ms. McTier was called by the front desk clerk again, and questioned about her service dog's documentation.

13. The ADA does not require a service dog to wear a vest, and Princess was not wearing a service vest. In an effort to be helpful, Ms. McTier provided documentation once again, verifying her need for a service dog due to her history of seizures.

14. Ms. McTier was treated on this day, but was told she would need a service vest for Princess or she could not be seen again. Ms. McTier began to cry. After her appointment, Gracepoint walked Ms. McTier out the back door, like a second class citizen, because she had Princess, and prohibited her from waiting in the lobby, as she has done in the past. Ms. McTier was forced to sit outside with Princess, in the heat, to wait for her transportation.

15. Gracepoint documents, in her medical records, that they shall not allow Ms. McTier to return to Gracepoint for services until Princess had "official service dog documentation and a vest". However, Ms. McTier will need to return to Gracepoint for services, as she has utilized their services for years, and they are also covered under her insurance plan.

16. Ms. McTier is prescribed a number of medications for her mental health issues, and as a result of Defendant's exclusion she was forced to find another doctor who could prescribe her medications to keep her stable.

17. The Plaintiff experienced humiliation, dejection, embarrassment, and frustration as the direct result of Defendant's denial to provide treatment because her service dog not wearing a service vest.

18. Defendant's actions have caused the Plaintiff distinct, palpable, and perceptible injury. Those injuries include but are not limited to those described herein.

## COUNT I

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

19. Plaintiff repeats and re-alleges allegations ¶¶ 1-18 in support of her claims.

20. This Count I seeking declaratory and injunctive relief is brought pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182, and its implementing regulations.

21. Ms. McTier's disabilities substantially limit major life activities as defined by Title III of the ADA. Ms. McTier meets the essential eligibility requirements for Defendant's mental health services at all times material hereto, and is entitled to the protections of the ADA under 42 U.S.C. § 12181, *et seq*. and its implementing regulations.

22. Title III of the Americans with Disability Act prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182 (a).

23. Gracepoint is a place of public accommodation pursuant to 42 U.S.C. §12181(7) (F), and is subject to the mandates of Title III, and its implementing regulations.

24. A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. §12182 (b) (2) (A) (ii).

25. Defendant denied Plaintiff the opportunity to benefit from its mental health services, facilities, privileges, advantages, and accommodations that were equal to those afforded to other individuals who are not disabled, and use of a service dog in violation of the prohibition against discrimination based on disability. 42 U.S.C. § 12182, *et seq.*

26. Defendant intentionally failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford Plaintiff with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the prohibition against discrimination based on disability. 42 U.S.C. § 12182, *et seq.*

27. A public accommodation shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal. 28 C.F.R. § 36.302.

28. Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go. 28 C.F.R. § 36.302.

29. As a result of Defendant's actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, embarrassment, emotional distress, a deprivation of her rights to non-discrimination on the basis of her disability, and use of a service animal. In engaging in this unlawful conduct described above, Defendant, Gracepoint, acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

30. Ms. McTier has been going to therapy for years, is in need of therapy, and will continue to need therapy in the future, requiring her to return to the Defendant for therapy, coping skills and medication administration.

**WHEREFORE**, Plaintiff respectfully request the relief listed below:

## COUNT II

## VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

31. Plaintiff repeats and re-alleges allegations ¶¶ 1-18 in support of her claims.

32. Ms. McTier is disabled, and is considered an individual with a disability under Section 504 of the Rehabilitation Act.

33. Plaintiff relies on the federal regulation set forth in Count I because Section 504 of the Rehabilitation Act relies on the regulations adopted for the ADA.

34. Gracepoint is a recipient of federal financial assistance including, but not limited to, acceptance of Medicare and Medicaid funds, and is, therefore, subject to the requirements of Section 504. 29 U.S.C. § 794.

35. Count II is brought against the Defendant as a claim for discrimination against people with disabilities in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

36. Defendant has intentionally discriminated against Plaintiff on the basis of her disability, and use of a service animal in violation of 29 U.S.C. §794 and its implementing regulations. Such discrimination includes, but is not limited to, failure to treat, failure to provide mental health services to a disabled woman with a service dog, and exclusion to services based on disability. 45 C.F.R § 84.52.

37. Defendant's actions were intentional, and violated the rights of the Plaintiff by their refusal to reasonably accommodate Plaintiff, even after Defendant was put on full notice that Princess was a service dog, and a vest is not required.

38. As a result of Defendant's actions described above, Plaintiff has suffered embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of her disability. In engaging in this unlawful conduct described above, Gracepoint, acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

39. Ms. McTier has been going to therapy for years, is in need of therapy, and will continue to need therapy in the future, requiring her to return to the Defendant for therapy and coping skills.

WHEREFORE, Plaintiff respectfully request the relief listed below:

## COUNT III

## SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

40. Plaintiff incorporates and re-alleges paragraphs ¶¶ 1-18 in support of her claims.

41. Ms. McTier is disabled, and her disabilities substantially limit major life activities. Accordingly, she is an individual with a disability as defined under 29 U.S.C. § 705(20) and 42 U.S.C. § 12102.[1] *See* 42 U.S.C. § 18116; 45 C.F.R. § 92.4.

42. Defendant is a "healthcare program or activity," receiving federal financial assistance, including Medicaid and Medicare reimbursements, and a covered entity under 42 U.S.C. § 18116.

43. Section 1557 of the Patient Protection and Affordable Care Act states "an individual shall not, on the ground prohibited under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance[.]". 42 U.S.C. § 18116(a).

44. For the reasons set forth in Count II and III, Defendant has intentionally discriminated against the Plaintiff solely on the basis of her disabilities in violation of Section 1557 the Patient Protection and Affordable Care Act. 42 U.S.C. § 18116.

---

[1] With the exception of its federal funding requirement, Section 504 uses the same standards as the ADA, and therefore, cases interpreting either are applicable and interchangeable. *Badillo v. Thorpe*, 158 Fed. Appx. 208, 214 (11th Cir. 2005) (citing *Cash v. Smith,* 231 F.3d 1301, 1305 & n. 2 (11th Cir. 2000)).

45. As a result of Defendant's actions described above, Plaintiff has suffered embarrassment, and emotional distress, a deprivation of her rights to non-discrimination on the basis of her disability. In engaging in this unlawful conduct described above, Defendant, Gracepoint, acted intentionally and maliciously to damage the rights and dignity of the Plaintiff.

46. Ms. McTier has been going to therapy for years, is in need of therapy, and will continue to need therapy in the future requiring her to return to the Defendant for therapy, coping skills and medication administration.

## Relief Requested

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A. The Court assume jurisdiction;

B. Issue a declaratory judgment that Defendant's policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Affordable Care Act;

C. Enjoin Defendant from any policy, procedure, or practice that will deny disabled individuals, such as Ms. McTier, equal access to and an equal opportunity to participate in and benefit from Defendant's mental health services, on the basis of her use of a service dog;

D. Order Defendant to train its employees about the rights of individuals who use service dogs;

E. Award compensatory damages to Plaintiff;

F.  Award reasonable attorney's fees, expenses, and costs of suit; and

G.  Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

DATE: March 9, 2020.

Respectfully submitted,

*/s/Sharon Caserta*
Sharon Caserta, Esq.
Florida Bar No.: 0023117
Morgan & Morgan
Deaf /Disability Rights
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 361-0078 (Voice)
(904) 245-1121 (Videophone)
(904) 361-4305 (Facsimile)
scaserta@forthepeople.com
*Trial Counsel for Plaintiff*