UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA MCTIER,

    Plaintiff,

v.                                                  CASE NO. 8:20-cv-556-T-23TGW

MENTAL HEALTH CARE, INC.,

    Defendant.
_____/

**ORDER**

    After mediation and later discussion, the parties settled this action. (Doc. 20) Under Local Rule 3.08(b), this action was dismissed. (Doc. 21) Describing difficulty negotiating the settlement's terms, including "a Medicare lien release," the plaintiff moves (Doc. 22) to vacate the dismissal for good cause. Although admitting the parties "settled the substance of the matter," the plaintiff accuses the defendant of "dragging their feet" to "wait out" the sixty-day period for moving to reopen the case. (Doc. 22 ¶¶ 2, 17, 19)

    At present, the plaintiff fails to show good cause for vacating the dismissal because the parties agreed on the settlement's essential terms, and the defendant recently submitted for comment (Doc. 24 ¶ 6) a "revised draft settlement agreement." *United States Doe v. Health First, Inc.*, 2017 WL 1929700, at *4 (M.D. Fla. 2017) (Dalton, J.); *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So.

2d 404, 408 (1974) ("Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on all essential terms and seriously understand and intend the agreement to be binding on them.").

The plaintiff's motion (Doc. 22) is **DENIED WITHOUT PREJUDICE**. No later the **OCTOBER 27, 2020**, a party must submit either (1) a stipulated form of final order or judgment; (2) a motion requesting an extension of time within which to complete negotiations; or (3) a motion to vacate the dismissal showing with specificity why the settlement's essential terms should no longer bind the parties.

ORDERED in Tampa, Florida, on October 5, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE